[No. 14628-6-III.    Division Three.    March 11, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RICKEY WAYNE WILKS, *Appellant*.

*Dennis W. Morgan* and *Law Office of Dennis W. Morgan,* for appellant.

*David M. Sandhaus, Prosecuting Attorney,* and *Gayle M. Petrusic, Deputy,* for respondent.

SCHULTHEIS, A.C.J. — During a traffic stop, police found drugs, drug paraphernalia and drug packaging materials in Rickey Wilks's vehicle and on his person. After denying Mr. Wilks's motions to suppress and to dismiss for violation of the speedy trial rule, the court found him guilty as charged of possessing methamphetamine with intent to manufacture or deliver and possessing more than 40 grams of marijuana, and not guilty of possessing marijuana with intent to manufacture or deliver. On appeal, Mr. Wilks contends the court should have suppressed all the evidence because it was obtained as the result of an illegal seizure of his passenger and should have dismissed the case because he was not timely brought to trial under the speedy trial rule. He also contends the marijuana conviction is not supported by the evidence. Because we agree the State's failure to bring Mr. Wilks to trial in compliance with CrR 3.3 requires dismissal of the charges against him, we do not reach the other issues.

The essential facts are contained in the following procedural time line:

**April 18, 1994** - **Mr. Wilks was arraigned and released.**

April 19 - The court assigned June 21 as the trial date.

May 23 - The court heard and denied Mr. Wilks's suppression motion.

| | | |
|---|---|---|
| June 20 | - | The court signed an indigency order so that Mr. Wilks could seek discretionary review of the suppression ruling. |
| June 21 | - | The case was not called for trial. |
| **July 18** | - | **The last day for trial under the CrR 3.3 90-day speedy trial rule** (i.e., the Monday following the 90th day, a Sunday). |
| | - | The State filed the court's findings of fact and conclusions of law on the suppression motion. |
| | - | Mr. Wilks filed notice of discretionary review and personally served the prosecutor with a copy. |
| October 3 | - | The Court of Appeals denied discretionary review. |
| October 4 & 5 | - | The trial court and parties received notice that review was denied. |
| October 25 | - | The trial court filed the Court of Appeals order and set January 17, 1995, as the new trial date. |
| October 28 | - | Mr. Wilks filed a motion to dismiss for violation of the speedy trial rule. A hearing was scheduled for November 14. |
| November 10 | - | The November 14 hearing was continued on the State's motion until November 28. The State also objected to the January 17 trial date, on the basis that trial should be set within 90 days of October 3, 1994, the date of the order denying discretionary review. |
| November 23 | - | The court heard and denied Mr. Wilks's motion to dismiss. |

November 29  -  The court set December 12, 1994, as the date for trial.

December 12  -  Mr. Wilks waived his right to a jury and was tried by the court.

December 15  -  The court found Mr. Wilks guilty of possessing methamphetamine with intent to manufacture or deliver and possessing more than 40 grams of marijuana, but not guilty of possessing marijuana with intent to manufacture or deliver.

Jan. 12, 1995  -  The court entered judgment against Mr. Wilks and sentenced him within the standard range to 28 months on the methamphetamine conviction and 90 days on the marijuana conviction. The court stayed the judgment pending appeal.

January 23  -  The court filed its formal written findings of fact, conclusions of law, judgment and sentence.

January 25  -  Mr. Wilks filed notice of appeal.

As we noted, the dispositive issue is whether Mr. Wilks was timely brought to trial under the speedy trial rule. CrR 3.3(c)(1) requires that a defendant released from jail be brought to trial not later than 90 days after the date of arraignment. Mr. Wilks was arraigned on April 18, 1994. The 90th day after that date was July 17, 1994. Because July 17 was a Sunday, July 18 was the last day for trial under the speedy trial rule. Mr. Wilks was not brought to trial on July 18, however, so unless the time for trial was extended under the rule or he waived his speedy trial right, CrR 3.3(i) requires dismissal of the charges against him.

Mr. Wilks contends he is not required by law to bring himself to trial in a timely manner, that CrR 3.3, the United States Supreme Court and the courts of this state require the State to ensure that a defendant is timely tried. *State v. Jenkins*, 76 Wn. App. 378, 383, 884 P.2d 1356 (1994), *review denied*, 126 Wn.2d 1025 (1995). He argues the State could have sought a stay of the proceedings or a continuance under CrR 3.3(h) or five-day extensions under CrR 3.3(d)(8), but its failure to act requires dismissal.

In response, the State contends it complied with all CrR 3.3 requirements because the case was properly set for trial within the 90-day speedy trial period and the State was ready for trial as scheduled on June 21. The State argues it had no duty to seek a stay for Mr. Wilks or bring him to trial while his petition for discretionary review was before the Court of Appeals. And because Mr. Wilks (1) did not appear in court when various motions were heard, (2) did not appear for trial on June 21 since he planned to seek review of the court's suppression decision, and (3) did not notify the court or the prosecutor of his reliance on the speedy trial rule until after the Court of Appeals denied review, the State asserts he waived his speedy trial objection.

Poetically put by the prosecutor, "we've got a situation here where somebody was supposed to have done something, but nobody did anything thinking that it was automatically done, and who has the obligation to do what when?" By June 20 at the latest, when the court signed Mr. Wilks's indigency order and the prosecutor signed her approval, the court and the prosecutor knew Mr. Wilks intended to seek review of the suppression ruling. The parties agree that is why the case was not called for trial, as scheduled, the following day. The question is whether the State was thereby relieved of its obligation to bring Mr. Wilks to trial before July 18 without any further action on its part except filing the suppression findings and conclusions by that date.

■ The State argued to the trial court that Mr. Wilks's case was automatically stayed when he filed his motion for discretionary review and, thus, the time the matter was pending in the Court of Appeals was excluded from the speedy trial period. Then, as now, it claimed there is no support for Mr. Wilks's contention that the State had an obligation to request a stay of proceedings or a continuance under CrR 3.3(h). We disagree.

The case was not stayed and no time was excluded from the speedy trial time. Former CrR 3.3(g)(5) provides delay resulting from a stay granted by an appellate court is excluded in computing the time for trial. The State cited no authority and conceded it found none for its proposition that Mr. Wilks's filing of the notice of discretionary review automatically stayed the speedy trial rule. The State now asserts Mr. Wilks erroneously did not ask for a stay of proceedings, but simply presumed it was automatic.[1] Such a presumption by either party is not warranted. CrR 3.3 does not stay the speedy trial time period while a defendant seeks discretionary review. RAP 7.1 expressly provides the trial court retains full authority to act in a case before review is accepted, unless the appellate court directs otherwise as provided in rule 8.3. The Task Force Comment on RAP 8.3 notes the rule gives the appellate court broad discretionary authority to issue orders before or after acceptance of review to ensure effective and equitable review, and it may be used to seek a stay of trial court proceedings pending acceptance of review. 3 LEWIS H. ORLAND & KARL B. TEGLAND, WASH. PRAC., RULES PRACTICE RAP 8.3 cmt. (4th ed. 1991). Logically, therefore, trial proceedings are NOT automatically stayed by filing a notice of discretionary review. Whether the Court of Appeals could have or should have granted a

---

[1]In fact, both attorneys were apparently operating under the assumption that defense counsel's filing of the notice of discretionary review on the 90th day would lead to acceptance by the Court of Appeals, and if the suppression decision was affirmed, CrR 3.3(d)(4) would give the State an additional 90 days after remand to bring Mr. Wilks to trial. Neither believed any other action was necessary to stop the ticking of the speedy trial clock.

stay in this case is irrelevant because the State waited until the last possible trial date to file the suppression findings and no one requested a stay in any event.

██ The trial court is ultimately responsible for ensuring compliance with CrR 3.3, but as between the State and a criminal defendant, the State is responsible for bringing the defendant to trial within the speedy trial period. *Jenkins*, 76 Wn. App. 382-83; *State v. Lemley*, 64 Wn. App. 724, 729, 828 P.2d 587, *review denied*, 119 Wn.2d 1025 (1992). Faced with the knowledge that Mr. Wilks intended to seek discretionary review, the State had several options. First, the prosecutor could have filed the suppression findings earlier and/or reset the matter for trial before July 18. That would have put Mr. Wilks in the position of deciding whether he should waive his speedy trial right in the hopes of avoiding trial altogether. Next, CrR 3.3(h)(1) authorizes continuances or delays upon written agreement of the parties. The prosecutor could have asked Mr. Wilks to agree to a continuance pending resolution of the suppression issue. Mr. Wilks likely would have agreed for the same reason a defendant engaged in plea negotiations will waive his speedy trial right: he expected to benefit from the delay and would not have wanted to proceed to trial while there was still a chance the evidence would be suppressed. Or, if Mr. Wilks did not agree, the prosecutor could have requested a continuance under CrR 3.3(h)(2), which permits the court to continue the case when required in the administration of justice and the defendant will not be substantially prejudiced. Delays granted under either part of subsection (h) are excluded in computing the time for trial by CrR 3.3(g)(3). Finally, the prosecutor could do nothing at all. But by doing nothing and simply assuming the case would be stayed, somehow, as long as the written suppression findings were filed on the last day for trial, the State failed to meet its CrR 3.3 obligation to bring Mr. Wilks to trial within 90 days after his arraignment.

Moreover, Mr. Wilks did not waive his speedy trial right.

Though the State complains Mr. Wilks did not appear at every hearing, he was present at every proceeding at which his presence was required by CrR 3.4. And, because the case was not called for trial on June 21, his appearance was not required on that date, either. CrR 3.3(f) imposes on Mr. Wilks an obligation to object to an untimely trial date, but the original June 21 trial date was well within the speedy trial period and the time for trial had already passed before a new date was set.

The State and the court might have been able to fix the problem. Arguably, the confusion about the effect of the discretionary review proceeding[2] constituted an unforeseen or unavoidable circumstance warranting a trial extension under CrR 3.3(d)(8). *State v. Carson*, 128 Wn.2d 805, 815-16, 912 P.2d 1016 (1996); *State v. Raper*, 47 Wn. App. 530, 538, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987). So, too, the lack of a judge to try the case[3] authorizes the trial court to grant multiple retroactive trial extensions in five-day increments to meet the speedy trial requirement, as long as the unavoidable or unforeseen circumstance continues and the defendant will not be substantially prejudiced in his or her defense. *Carson*, 128 Wn.2d at 817-18; CrR 3.3(d)(8). But the rule is not self-executing. When extending the time for trial, the court must state on the record or in writing the reasons for the initial extension and any subsequent five-day extensions. CrR 3.3(d)(8). Here, despite discussion of the five-day extension provision during argument on the motion to dismiss, the State

[2]As noted, the parties (and the trial court) mistakenly believed all trial court proceedings, and the speedy trial clock, stopped automatically the day the notice of discretionary review was filed (the 90th day). Mr. Wilks's attorney admits he initially objected to the January 17 trial date under CrR 3.3(f)(2) because it was outside the 90-day period immediately following October 5, the date the parties learned discretionary review had been denied. (There was never any basis for a new 90-day trial period. CrR 3.3(d)(4) authorizes that kind of extension only when an appellate court orders a new trial.) As he was preparing his memorandum in support of the objection, he discovered the speedy trial period might have run on July 18, — so he added the motion for dismissal under CrR 3.3(c).

[3]At the time the parties learned that review had been denied, the county's only judge was apparently ill and the usual visiting judge was undergoing surgery.

did not request any extensions and the court did not grant any itself. The court and the State cannot completely shift their responsibility to bring a defendant to trial within the time limits of CrR 3.3 to the defendant.

We reverse, vacate the convictions and order the charges be dismissed.

KURTZ and BROWN, JJ., concur.

Review denied at 133 Wn.2d 1002 (1997).