85 P.3d 373 (2004)
STATE of Washington, Appellant,
v.
Raymond George BLUM, Jr., Respondent.
No. 29392-7-II.
Court of Appeals of Washington, Division 2.
February 3, 2004.
Publication Ordered March 9, 2004.
*374 Pamela Beth Loginsky, Washington Assoc. of Prosecuting Atty., Olympia, WA, Patrick H Oishi, Pierce County Prosecutors Office, Tacoma, WA, for Appellant.
William Louis Cameron, Lee Smart Cook Martin & Patterson, Seattle, WA, for Respondent.
ARMSTRONG, J.
The State appeals the dismissal of a charge against Raymond Blum for unlawful possession of a firearm. The State contends the trial court erred in finding that the State could not prosecute Blum because he was not warned of his ineligibility to possess a firearm when he was convicted of a felony in the State of Colorado. We hold that the State was not required to prove that Blum knew he was not allowed to possess a firearm. Accordingly, we reverse.

FACTS
In 1990, the State of Colorado convicted and sentenced Blum to prison for the felony crimes of second degree burglary and attempted sexual assault of a child. Blum served his sentence, and the Colorado Department of Corrections discharged him on March 11, 1995.
The Colorado Department of Corrections apparently provided no written notice informing Blum that he could no longer possess firearms. The State has no information to show that Blum received written notice from Colorado or Washington that he could not possess firearms.
Blum later returned to Washington and, in December 2000, an armored car company hired him as a security guard. When making deliveries, Blum carried a Smith and Wesson revolver issued by his employer. A detective investigating Blum's role in an unrelated theft discovered that Blum was an unregistered sex offender and that he had been working as an armed guard despite being ineligible to possess a firearm.
The State charged Blum with second degree unlawful possession of a firearm. Blum moved to dismiss the charge because of "lack of written notice." Clerk's Papers (CP) at 8. The trial court granted Blum's motion to dismiss.

ANALYSIS

I. Lack of Notice
In 1994, Washington enacted RCW 9.41.047, which requires courts to notify felons if they cannot possess firearms. The court must notify the person both orally and in writing at the time of their conviction to "immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record." RCW 9.41.047(1).
The State did not give Blum notice under RCW 9.41.047 because he was not convicted in Washington. Moreover, knowledge that the possession is a crime is not an element of the crime charged. State v. Krzeszowski, 106 Wash.App. 638, 642-43, 24 P.3d 485 (2001) (citing State v. May, 100 Wash.App. 478, 482, 997 P.2d 956, review denied, 142 Wash.2d 1004, 11 P.3d 825 (2000)); State v. Semakula, 88 Wash.App. 719, 724, 946 P.2d 795 (1997).
Blum argues that due process requires the State to give him notice of the statutory prohibition on possessing firearms, citing Lambert v. People of the State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). In Lambert, the Los Angeles municipal code required all convicted felons who remained in the city for more than five days to register with the police. The defendant, a convicted felon, had lived in the city for more than seven years without registering. *375 The Supreme Court reversed her conviction for violating the registration ordinance, holding that the statute violated due process because it did not require notice to the defendant. Key to the court's reasoning was the defendant's "wholly passive" conduct. Lambert, 355 U.S. at 228, 78 S.Ct. 240. And in distinguishing other registration statutes, the court said: "But the present ordinance is entirely different. Violation of its provisions is unaccompanied by any activity whatever, mere presence in the city being the test." Lambert, 355 U.S. at 229, 78 S.Ct. 240. The court concluded that the State could not convict under the ordinance without proving the defendant's actual or probable knowledge of the registration requirement. Lambert, 355 U.S. at 229-30, 78 S.Ct. 240.
Lambert does not help Blum. The conduct here is not the wholly passive conduct the court found in Lambert. Blum is not being charged with "mere presence" in a location. Rather the State has charged him with the activity of possessing a firearm. And we have held that the State is not required to prove notice of the law to convict. Krzeszowski, 106 Wash.App. 638, 24 P.3d 485; Semakula, 88 Wash.App. 719, 946 P.2d 795; State v. Reed, 84 Wash.App. 379, 928 P.2d 469 (1997).
Blum contends, however, that State v. Leavitt, 107 Wash.App. 361, 27 P.3d 622 (2001), supports the dismissal of his charges. In Leavitt, the conviction occurred in Washington in 1998-four years after the enactment of RCW 9.41.047. Leavitt, 107 Wash. App. at 363, 27 P.3d 622. We held that the defendant's conviction violated due process principles because the sentencing court and the probation department misled the defendant concerning his right to possess firearms after his one-year probation period. Leavitt, 107 Wash.App. at 372, 27 P.3d 622. Here, Blum does not argue that he was misled by any State agency about his right to possess a firearm; thus, his reliance on Leavitt is misplaced.
But Blum offers "alternate justifiable reasons" to dismiss the case, and he maintains that the appeal is now moot.

II. Other Grounds for Dismissal
Blum argues the trial court could have dismissed because of the State's "failure to properly serve and file a Memorandum in Opposition to the Defendant's Motion to Dismiss." Resp. Br. at 6. Although he does not deny being served, Blum suggests that the court does not know whether the State served him because there is no proof of service in the file. The original order on omnibus hearing from July 24, 2002, required the State to serve the response by August 1, 2002. Because it was apparently not filed until September 26, 2002, Blum argues that the papers were never served.
Although the trial court undoubtedly had the authority to dismiss the charge if the State failed to timely respond to Blum's motion, the court did not rule on this basis. And Blum cites no authority establishing that the court was obligated to dismiss for procedural flaws, assuming they occurred. Moreover, Blum does not claim that he was somehow prejudiced by any procedural errors. We reject this alternative ground for the dismissal.

III. Mootness
Blum next argues that the State has used up the speedy trial time by various delays in processing this appeal. He points to the State's failure to timely file its brief, the report of proceedings, and the statement of arrangements. Blum reasons that because the State did not seek court approval for the delays, we should consider the appeal abandoned. According to Blum, the State had only 49 days of the speedy trial time remaining, and they have used 70 days in these appellate delays. He argues, therefore, that the case is moot because the State cannot retry him without violating the speedy trial rule. But Blum admits that the speedy trial time does not include the time when a case is on appeal.
Blum relies on State v. Wilks, 85 Wash. App. 303, 932 P.2d 687 (1997), as authority for his assertion that any delay not approved by the court counts as speedy trial time. But Wilks does not address delays during a case already on appeal; instead, it involved a *376 prosecutor's failure to request a stay of proceedings or a continuance during a defendant's petition for discretionary review. The State argued that the defendant's filing of his notice of discretionary review automatically stayed the speedy trial period. Wilks, 85 Wash.App. at 308, 932 P.2d 687. The Washington Supreme Court disagreed and stated that, "by doing nothing and simply assuming the case would be stayed, somehow ... the State failed to meet its CrR 3.3 obligation to bring Mr. Wilks to trial within 90 days after his arraignment." Wilks, 85 Wash.App. at 309, 932 P.2d 687. Wilks does not support Blum's speedy trial argument.
Furthermore, the Rules of Appellate Procedure (RAP) provide relief for a party's failure to process an appeal. RAP 1.2(b); State v. Ashbaugh, 90 Wash.2d 432, 438, 583 P.2d 1206 (1978). When a party fails to do what he or she "should," the appellate court has wide discretion in fashioning a sanction. RAP 1.2(b), 18.9; Ashbaugh, 90 Wash.2d at 438, 583 P.2d 1206. When a party fails to do what he or she "must," the failure is governed by RAP 18.8(b) or 1.2(b). Ashbaugh, 90 Wash.2d at 438, 583 P.2d 1206.
RAP 18.8(b) and 18.9(c) address dismissals. RAP 18.8(b) provides that an appellate court will, in all but extraordinary circumstances, dismiss a proceeding if a party fails to timely file a notice of appeal, notice for discretionary review, motion for discretionary review of a decision of the Court of Appeals, petition for review, or motion for reconsideration. Ashbaugh, 90 Wash.2d at 438, 583 P.2d 1206. And RAP 18.9(c) allows us to dismiss an abandoned or frivolous appeal.
RAP 9.2 and 9.5 provide the time periods for filing the verbatim report of proceedings and statement of arrangements. But failure to comply with either of these rules is not grounds for dismissal under RAP 18.8(b). "Such a failure is therefore subject to the alternative rule of RAP 1.2(b) and simply `may result in more severe than usual sanctions.' Typical sanctions are a fine or compensatory award." Ashbaugh, 90 Wash.2d at 438, 583 P.2d 1206.
RAP 10.2 governs the time for filing briefs. And RAP 10.2(i) states that, "[t]he appellate court will ordinarily impose sanctions under rule 18.9 for failure to timely file and serve a brief."
These rules do not provide the remedy Blum seeks-a continued running of the speedy trial time. Accordingly, we reject Blum's speedy trial argument.
Reversed and remanded.
We concur: HOUGHTON, P.J., and BRIDGEWATER, J.