IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82535-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| ANASTASIS ANGELO MOURELATOS, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — A sentencing court denied Anastasis Mourelatos's request for a Drug Offender Sentencing Alternative (DOSA) sentence. On appeal, Mourelatos says that the court failed to consider mandatory statutory criteria and relied on untenable considerations. For the reasons discussed below, we affirm.

I. BACKGROUND

Multiple domestic violence no-contact orders (NCOs) prohibited Mourelatos from contacting his ex-girlfriend. He violated the NCOs several times.

Mourelatos pleaded guilty to felony harassment and three counts of gross misdemeanors for violating a domestic violence NCO. He requested a prison-based DOSA sentence and asserted that the NCO violations stemmed from his substance abuse issues.

The State opposed the DOSA request, asserting the lack of a nexus between the charged crimes and Mourelatos's substance abuse. The State also

Citations and pin cites are based on the Westlaw online version of the cited material.

pointed out that the victim said that she felt unsafe with the possibility that Mourelatos could receive a DOSA sentence, which would involve less prison time than the standard range.

The sentencing court noted that Mourelatos had repeatedly violated an NCO in a previous relationship and that he was engaging in similar behavior with the victim in this case. It noted that, here, during the victim's call to 911, Mourelatos said in the background, "I'm going to shoot this bitch." The court stated, "[N]o wonder [the victim] is terrified of [you]." Mourelatos agreed, saying that "it makes sense." The court concluded that Mourelatos posed a "community safety threat."

The court acknowledged Mourelatos's substance abuse, but did not find a significant nexus between it and the charged crimes, and denied a DOSA sentence. The court said

> If you're really serious about getting treatment, you need to do that and you need to get out and follow court orders and not engage in this kind of behavior. But one of the things they tell us when they train us as judges is that a person who stalks and repeatedly violates court orders is one of the riskiest to the victim, and I believe you are. You ran your mouth at the officer and threatened him when you were being arrested.

The State recommended a low-end standard range sentence of 43 months. The sentencing court imposed a 48-month sentence and denied Mourelatos's DOSA request. Mourelatos appeals.

## II. ANALYSIS

Mourelatos says the sentencing court erred in denying his DOSA request by failing to consider the statutory criteria set forth in RCW 9.94A.660 and

2

considering untenable factors. We conclude the sentencing court acted within its discretion in denying Mourelatos's DOSA request.

Generally, a sentencing judge's decision whether to order a DOSA sentence is unreviewable. State v. Hender, 180 Wn. App. 895, 900, 324 P.3d 780 (2014). "The legislature entrusted sentencing courts with considerable discretion under the [Sentencing Reform Act of 1981, ch. 9.96A RCW], including the discretion to determine if the offender is eligible for an alternative sentence and, significantly, whether the alternative is appropriate." Id. at 900–01. "Nevertheless, a defendant can always seek review of the trial court's procedure in implementing the sentence." State v. Williams, 199 Wn. App. 99, 112, 398 P.3d 1150 (2017). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). A court abuses its discretion if it categorically refuses to consider a DOSA request or if it exercises its discretion on an impermissible basis. Williams, 199 Wn. App. at 112. A court exercises its discretion impermissibly if it denies a DOSA request based on the defendant's sex, race, or religion, or based on the court's personal animus against the defendant. Id.; State v. Lemke, 7 Wn. App. 2d 23, 27–28, 434 P.3d 551 (2018).

RCW 9.94A.660(1) sets forth seven criteria that a defendant must meet to be eligible for a DOSA sentence.[1] But eligibility under the statute does not mean automatic entitlement to a DOSA sentence. Instead, upon a determination of eligibility, the sentencing court must address whether a DOSA sentence is appropriate in the particular case. State v. Smith, 142 Wn. App. 122, 129, 173 P.3d 973 (2007).

The DOSA sentencing scheme allows a sentencing court to grant eligible offenders a reduced sentence, treatment, and post-release supervision to try to

---

[1] Former RCW 9.94A.660 (2016)—which was in in effect during Mourelatos's sentencing—provided:

(1) An offender is eligible for the special drug offender sentencing alternative if:

(a) The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533(3) or (4);

(b) The offender is convicted of a felony that is not a felony driving while under the influence of intoxicating liquor or any drug under RCW 46.61.502(6) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug under RCW 46.61.504(6);

(c) The offender has no current or prior convictions for a sex offense at any time or violent offense within ten years before conviction of the current offense, in this state, another state, or the United States;

(d) For a violation of the uniform controlled substances act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance;

(e) The offender has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;

(f) The end of the standard sentence range for the current offense is greater than one year; and

(g) The offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

The current statutory criteria under RCW 9.94A.660 differ in some respects, but those differences do not affect our analysis here.

address underlying substance abuse issues. RCW 9.94A.660; Grayson, 154 Wn.2d at 337. "[T]he purpose of DOSA is to provide meaningful treatment and rehabilitation incentives for those convicted of drug crimes, when the trial judge concludes it would be in the best interests of the individual and the community." Grayson, 154 Wn.2d at 343.

1. Statutory criteria

Mourelatos says that a sentencing court must consider the statutory criteria set forth in RCW 9.94A.660(1) and suggests that, because he was eligible under the criteria and the court denied his request, the court failed to consider the criteria. But the record appears to show that the court considered Mourelatos's request yet still denied it based on factors beyond the criteria. And as discussed above, eligibility does not mean automatic entitlement to a DOSA sentence. See Hender, 180 Wn. App. at 900 (rejecting the defendant's claim that he met the statutory eligibility criteria and that the court denied his DOSA request without considering those criteria because "eligibility does not automatically lead to a DOSA sentence").

Mourelatos asserts that the court's failure to limit its consideration of his request to the statutory criteria requires reversal. But again, a DOSA analysis does not end upon consideration of the statutory criteria. The next step is to ask whether a DOSA sentence is appropriate based on the circumstances. See Hender, 180 Wn. App. at 900 ("[T]he sentencing court must still determine that 'the alternative sentence is appropriate.'" (quoting State v. Barton, 121 Wn. App.

5

792, 795, 90 P.3d 1138 (2004))). The court did not abuse its discretion by considering factors beyond the statutory requirements.

2. Untenable grounds

Mourelatos also contends that the sentencing court erred by basing its decision on untenable grounds. Mourelatos says the court conducted an impermissible analysis by considering his multiple NCO violations. But he cites no law establishing that such consideration is impermissible. And it makes sense to consider an offender's repeated offenses—for example, in connection with assessing community safety—when considering a DOSA request. See State v. Wardlaw, No. 35366-4-III, slip op. at 6–7 (Wash. Ct. App. Jul. 31, 2018) (unpublished) http://www.courts.wa.gov/opinions/pdf/353664_unp.pdf (affirming the denial of a DOSA request where the sentencing court considered a defendant's repeated crimes and community safety);[2] Grayson, 154 Wn.2d at 343 (noting that a DOSA sentence is appropriate when the court "concludes it would be in the best interests of the individual and the community").

Mourelatos next says the court impermissibly considered that he "acted impulsively or combatively" in connection with his crimes. Again, he cites no law prohibiting such consideration. And a defendant's behavior is a proper factor for a sentencing court to consider in deciding whether a DOSA sentence is appropriate. See Wardlaw, No. 35366-4-III, slip op. at 6–7 (affirming the denial

---

[2] See GR 14.1(c) ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

of a DOSA request where the sentencing court considered a defendant's lack of remorse); see GR 14.1(c).

Mourelatos also says the court improperly considered the victim's personal wishes—i.e., her desire that he not receive a DOSA sentence because of her fear of him. He cites no law prohibiting such consideration. And the law permits victims of a crime to provide their opinion at sentencing, and courts to consider such opinions. CONST. art. I, § 35 (granting victims the right "to make a statement at sentencing"); RCW 7.69.030 (same); RCW 9.94A.500 ("[t]he court shall consider . . . any victim impact statement . . . and allow arguments from . . . the victim, the survivor of the victim, or a representative of the victim . . . as to the sentence to be imposed."); State v. Shoemaker, No. 35483-1-III, slip op. at 10 (Wash. Ct. App. Jan. 8, 2019) (unpublished) http://www.courts.wa.gov/opinions/pdf/354831_unp.pdf, review denied, 193 Wn.2d 1010, 439 P.3d 1066 (2019) (rejecting defendant's argument that the sentencing court improperly denied her DOSA request based on statements made by victim representatives); see GR 14.1(c). Also, the court reasonably considered the potential threat Mourelatos posed to the community, including the victim, if he received a reduced sentence. See Wardlaw, No. 35366-4-III, slip op. at 6 (affirming the denial of a DOSA request where the sentencing court expressed "a concern for community safety"); see GR 14.1(c).

Finally, Mourelatos says the court incorrectly found an insufficient nexus between the charged crimes and his substance abuse. He claims that the court's comment—"If you're really serious about getting treatment, you need to do that

7

and you need to get out and follow court orders"—shows that the court recognized that his substance abuse contributed to his behavior in this case. But the comment does not go that far. Mourelatos says his actions and history show a need for addiction treatment but cites no law saying that a need for such treatment automatically leads to a DOSA sentence or that a court cannot consider the nexus between the addiction and the charged crime. See Grayson, 154 Wn.2d at 343 ("[T]he purpose of DOSA is to provide meaningful treatment and rehabilitation incentives for those convicted of drug crimes").

We affirm.

_____Chun, J._____

WE CONCUR:

_____Coburn, J._____      _____Verellen, J._____