# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58259-7-II |
| Respondent, | |
| v. | |
| STEVEN B. PERRA, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Steven B. Perra appeals the exceptional sentence imposed at his resentencing. He argues that the 210-month sentence was clearly excessive because it is more than three times the length of the top end of his standard range. Perra also asserts that the resentencing court erred in failing to consider his expression of remorse and in denying his request for prison based drug offender sentencing alternative (DOSA).

We hold that the resentencing court did not err. Accordingly, we affirm the sentence.

FACTS

In October 2020, a jury found Perra guilty of four counts of burglary in the second degree, one count of theft in the first degree, one count of theft in the second degree, two counts of theft in the third degree, and one count organized retail theft in the first degree. Perra was sentenced to 210 months. The resentencing court based the exceptional sentence on Perra's unscored misdemeanor history coupled with a high offender score, resulting in some of the current offenses going unpunished and a presumptive sentence that was clearly too lenient. The court also noted Perra's "total lack of remorse." Rep. of Proc. (RP) (Oct. 28, 2020) at 26.

Perra appealed his convictions and sentence.[1] The State conceded that two counts merged, which this court accepted. This court remanded for resentencing and reconsideration of whether to impose an exceptional sentence after recalculation of his offender score.

On May 26, 2023, Perra's resentencing occurred. The State requested the resentencing court impose the same exceptional sentence. The State also acknowledged that Perra's offender score changed minimally from 22 to 20. However, it argued that although the same standard range applied, Perra's high offender score coupled with the fact nothing had changed regarding his unscored misdemeanors or the facts at hand, provided a justifiable basis for an exceptional sentence. Perra requested a prison-based DOSA. He also apologized to the court for his conduct and stated he only committed crimes when under the influence and to feed his addiction.

Ultimately, the resentencing court sentenced Perra to the same 210-month exceptional sentence for the same reasons stated at the original sentencing hearing. The court added that although it appreciated Perra's apology, the apology rang hollow given his criminal history and the fact that this was not "your ordinary Walmart burglary" as it was "fairly sophisticated," and he stole well over $10,000, making the exceptional sentence proper. RP (May 26, 2023) at 44. Perra appeals.

ANALYSIS

Perra argues that his exceptional sentence was clearly excessive because it is more than three times the high end of standard sentencing range; Perra's standard range is 51 to 68 months. He also argues that the court failed to acknowledge his remorse and need for treatment. We disagree.

---

[1] *State v. Perra*, No. 83418-5-I (Wash. Ct. App. Mar. 21, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/834185.pdf.

I.    LEGAL PRINCIPLES

By statute, a Washington court may impose an exceptional sentence outside the standard range if it concludes that "there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. A sentence outside the standard range is subject to appeal. RCW 9.94A.585(2). But we may reverse a sentence outside the standard sentence range only if we find (a) the reasons provided by the sentencing court are not supported by the record or (b) the sentence was "clearly excessive." RCW 9.94A.585(4). Perra does not assign error to the basis for his exceptional sentence. Rather, he asserts his exceptional sentence is so far beyond the standard range as to be "clearly excessive" because it "shocks the conscience."

A "'clearly excessive'" sentence is one that is "'exercised on untenable grounds or for untenable reasons'" or that is based on an "'action that no reasonable person would have taken.'" *State v. Knutz*, 161 Wn. App. 395, 410, 253 P.3d 437 (2011) (internal quotation marks omitted) (quoting *State v. Kolesnik*, 146 Wn. App. 790, 805, 192 P.3d 937 (2008)). When the trial court bases an exceptional sentence on proper reasons, a sentence is excessive "only if its length, in light of the record, 'shocks the conscience.'" *Id.* at 410-11 (internal quotation marks omitted) (quoting *Kolesnik*, 146 Wn. App. at 805).

Once the sentencing court finds substantial and compelling reasons for imposing an exceptional sentence, the court is permitted to use its discretion to determine "the length of an appropriate exceptional sentence." *Id.* at 410. A sentencing court need not state reasons in addition to those relied on to justify the imposition of an exceptional sentence above the standard range in the first instance. *State v. Ross*, 71 Wn. App. 556, 573, 861 P.2d 473, 883 P.2d 329 (1994).

We review whether an exceptional sentence is clearly excessive for an abuse of discretion. *Knutz*, 161 Wn. App. at 410. The trial court abuses its discretion when it bases its decision on "an impermissible reason (the 'untenable grounds/untenable reasons' prong of the standard) or imposes a sentence which is so long that, in light of the record, it shocks the conscience of the reviewing court (the 'no reasonable person' prong of the standard)." *Ross*, 71 Wn. App. at 571. In *Ross*, this court explained:

> [O]nce a reviewing court has determined that the facts support the reasons given for exceeding the range and that those reasons are substantial and compelling, there is often nothing more to say. The trial and appellate courts simply reiterate those reasons to explain why a particular number of months is appropriate. . . . [T]he length of the sentence must have some basis in the record.

*Id*. at 571-72 (internal quotation marks omitted).

We have wide latitude in affirming the length of an exceptional sentence. *State v. Halsey*, 140 Wn. App. 313, 325, 165 P.3d 409 (2007). However, if the trial court abuses its authority, the court must remand for resentencing within the standard range. *State v. Ferguson*, 142 Wn.2d 631, 649, 15 P.3d 1271 (2001).

II.     THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY IMPOSING THE EXCEPTIONAL SENTENCE

Perra argues that his exceptional sentence "shocks the conscious" because maximum sentences should be reserved for "worst case scenarios," and his crimes do not amount to a "worst case scenario." Br. of Appellant at 6. Specifically, Perra argues that the sentence was clearly

excessive as compared to other crimes carrying a similar sentence, such as rape, child molestation, and kidnapping. Perra argues that his exceptional sentence is more than three times the standard range and the trail court failed to consider his remorse and need for treatment.[2]

Here, the resentencing court determined the length of the exceptional term was appropriate given the free crimes aggravating factor. The court expressed its reasoning:

> [I]t would be different if you were a person who'd maybe found themselves in trouble once or twice or five times or maybe even ten times. But I'm looking at 27 prior convictions dating back to 1993 when you were a juvenile. And they're almost all theft-type burglaries, thefts.
> . . . .
> [I]f you had come in at plea time and said these things to me, maybe—maybe I would have considered that. But we're way too far down the road at this point, you know.
> I'm glad that you're feeling different about it, and you're thinking clearly, it sounds like now. Which is part of the purpose of the sentence in a case like that, to give you time to straighten your head out a little bit.
> . . . .
> I'll make the same findings that the prior unscored misdemeanor history results in the presumptive sentence that is clearly too lenient, and the multiple current offenses and the high offender score result in some of the current offenses going unpunished. I will restate that either one of those would be sufficient basis for the exceptional sentence.

RP (May 26, 2023) at 43-44. The findings, which Perra does not assign error to, are verities on appeal. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 679, 101 P.3d 1 (2004).

Moreover, the resentencing court was sentencing Perra for the second time. Given this second opportunity to exercise its discretion it again imposed an exceptional sentence of 210 months, deeming it reasonable given Perra's conduct and criminal history. Additionally, that there

---

[2] Perra cites to *State v. Bowen*, an unpublished 2015 decision of this court, for the proposition that in a similar theft case, this court determined a 48-month sentence was clearly excessive. No. 46069-6-II (Wash. Ct. App. Sept. 22, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2046069-6-II%20Unpublished%20Opinion.pdf. But we are not bound by the holding in *Bowen*. *In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018).

was but a minimal change in Perra's offender score, from 22 to 20 felony points, does not require a lesser sentence. The length of the exceptional sentence was based on permissible reasoning and Perra fails to show that the sentence shocks the conscience. We do not supplant the trial court's reasoning with our own; the resentencing court did not abuse its discretion.

III.     THE TRIAL COURT PROPERLY EXERCISED ITS BROAD DISCRETION IN DENYING A
         DOSA

Perra asserts additional grounds (SAG) for review as allowed by RAP 10.10. In addition to the same arguments raised by counsel, he alleges that the resentencing court failed to consider and failed to afford him the opportunity for DOSA even though his addiction was the reason he committed the crimes.

The DOSA program "authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision." *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). Eligibility for a DOSA is determined by statute, *see* RCW 9.94A.660(1), and it is "offender-based, not offense-based." *In re Postsentence Review of Hardy*, 9 Wn. App. 2d 44, 45, 442 P.3d 14 (2019). The offender must meet certain statutory criteria, including, for example, that they have no prior convictions in this state, and no prior convictions for an equivalent out-of-state or federal offense. RCW 9.94A.660(1)(d).

A DOSA analysis does not end upon the court's consideration of the statutory criteria. *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014) ("[T]he sentencing court must still determine that 'the alternative sentence is appropriate.'" (quoting *State v. Barton*, 121 Wn. App. 792, 795, 90 P.3d 1138 (2004))). Therefore, the next step after consideration of the statutory criteria is to ask whether a DOSA sentence is appropriate based on the circumstances. *Id*. As part of this inquiry, the court can consider the defendant's "criminal history, whether he would benefit from treatment, and whether a DOSA would serve him or the community." *State v. Jones*, 171

6

Wn. App. 52, 55, 286 P.3d 83 (2012). Therefore, "eligibility does not automatically lead to a DOSA sentence." *Hender*, 180 Wn. App. at 900. Consequently, deciding whether to grant a DOSA is entirely within the trial court's discretion.

The general rule is that "the trial judge's decision whether to grant a DOSA is not reviewable." *Grayson*, 154 Wn.2d at 338. However, a categorical refusal to consider whether a DOSA sentence is appropriate is an abuse of discretion and reversible error. *Id.* at 342. If the trial court relies on an impermissible basis to make its decision, such as personal animus toward the defendant, that is also an abuse of discretion. *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018). But there is a clear "distinction between refusal to exercise judicial discretion at all, and the exercise of judicial discretion based on reasonable factors." *State v. Smith*, 118 Wn. App. 288, 293, 75 P.3d 986 (2003).

The resentencing court did not explicitly state that it would deny Perra's request for a DOSA. Instead, it stated that although Perra now claimed to feel remorse and it "get[s] the reason why [Perra] [did] it . . . trying to get drugs to support [his] habit," it was "way too far down the road at this point." RP (May 26, 2023) at 43. It added that it was glad that Perra felt differently but that the "purpose of the sentence in a case like [this], [was] to give [him] time to straighten [himself] out a little bit." *Id.* There is no evidence in the record that the resentencing court denied a DOSA for an impermissible reason such as animus against Perra. The resentencing court ordered the sentence due to Perra's extensive criminal history, his high offender score, and the application of the free crime aggravator, necessarily excluding the possibility of a DOSA. The resentencing court acted within its discretion in denying Perra's request for a DOSA.

## CONCLUSION

Because the resentencing court did not abuse its discretion in imposing sentence, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

I concur:

_____
Price, J.

GLASGOW, J. (dissenting in part) — The majority explains that the standard sentencing range for Perra's burglary and theft convictions is 51 to 68 months (less than six years). The trial court imposed an exceptional sentence more than three times that length, 210 months or 17 years. The State does not dispute that Perra's crimes were nonviolent: no one suffered physical injuries as the result of these crimes, his victim was a corporation, and his crimes were fueled by his drug addiction.

I agree that the trial court did not err in denying a drug offender sentencing alternative. And I agree that Perra should receive an exceptional sentence above the standard range in light of his extensive criminal history, his multiple unscored misdemeanors, and the fact that some of his current crimes would otherwise go unpunished. I also agree that a sentence at the high end of the sentencing range would be clearly too lenient in light of Perra's criminal history. Even an exceptional sentence that doubled the high end of the standard range (for a sentence of about 11 years) would not be an abuse of discretion in my mind.

But more than tripling the high end of the standard sentencing range in these circumstances is clearly unreasonable. A sentence of 17 years for theft of about $10,000 worth of merchandise from Walmart, where no one was physically injured, "'shocks the conscience'". *State v. Ritchie*, 126 Wn.2d 388, 395-96, 894 P.2d 1308 (1995) (reciting the "shocks the conscience" standard) (quoting *State v. Ross*, 71 Wn. App. 556, 571-72, 861 P.2d 473 (1993)). Although there is no mechanical approach to determining whether a sentence is clearly excessive, this case stands in stark contrast with other cases where Washington appellate courts have upheld exceptional sentences for nonviolent crimes. *See State v. Oxborrow*, 106 Wn.2d 525, 533, 723 P.2d 1123 (1986) (defendant was sentenced to 15 years for defrauding investors of *over $1,000,000.00* in a sophisticated pyramid scheme); *State v. Knutz*, 161 Wn. App. 395, 399-400, 402, 253 P.3d 437 (2011)

(defendant received a 60-month sentence where she manipulated an elderly man in an assisted living home in order to steal approximately $347,000 from him).

Although the majority correctly emphasizes the discretion afforded to trial courts in determining the length of an exceptional sentence, the trial court's discretion is not unlimited. If this sentence does not exceed the trial court's discretion, I do not know what would. I would hold that the exceptional sentence that the trial court imposed here was an abuse of discretion. I respectfully dissent in part.

GLASGOW, J.