IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31356-5-III |
| Respondent, | ) | |
| v. | ) | |
| RONALD FRANK HENDER, | ) | PUBLISHED OPINION |
| Appellant. | ) | |

FEARING, J. — Ronald Hender pled guilty to two counts of delivery of methamphetamine with a single school zone enhancement. On appeal, he argues the sentencing court either failed to exercise or abused its discretion when it denied his request for a drug offender sentencing alternative (DOSA), chapter 9.94A RCW. Hender requests a new sentencing hearing. We affirm the trial court, since it exercised and did not abuse its discretion. The trial court legitimately denied a DOSA sentence because Hender refused to take responsibility for his criminal conduct.

## FACTS

Between November 2011 and January 2012, a confidential informant purchased methamphetamine from Ronald Hender on multiple occasions. Based on the controlled buys, the State charged Hender with three counts of delivery of methamphetamine and an

enhancement for doing so within a school zone. Hender pled guilty to two counts.

At sentencing, the State recommended the low-end of the standard 36 to 44 months range. Hender requested a DOSA sentence. In support of his request, Hender, now age 57, stated he was a good candidate because of his age, his valuable skill set, and the support of his "tight family." Report of Proceedings (RP) at 16. In addition he told the court:

> I don't feel like methamphetamine's ever made me a criminal. I've never been out robbing people or doing anything and having it being illegal. And over the years it's turned my brain to poop and just caused a lot of trouble, you know. So it's all done. And just want to get it over with.

RP at 17. Hender's brother Steve also spoke in support of Hender's ability to "be 100 % on recovery on this if given the last chance." RP at 19.

The trial court sentenced Ronald Hender to 36 months and 1 day on the first count and 12 months and 1 day on the second count, to be served concurrently. The court refused a DOSA sentence on the ground that, contrary to Hender's remarks, methamphetamine had made him a criminal. Hender not only took methamphetamine but dealt the illicit drug.

Ronald Hender demurred and claimed not to deal methamphetamine. He first commented, "I wasn't dealing meth." RP at 20. When the trial court confronted him with pleading guilty to delivery of methamphetamine, Hender deflected blame from himself, "The city sent a guy out to get me, basically totally out of retirement, and offered

2

me a lot of money. And, you know, I fell through the loop." RP at 20. The court

responded:

> And when you do that, and you try to share . . . with other people, I don't
> care if it was a controlled buy or not, that was the attempt, and that's awful.
> So you need to take responsibility. You need to take accountability.

RP at 21.

## LAW AND ANALYSIS

We address whether the sentencing court erred when imposing a standard sentence

instead of a DOSA. Ronald Hender argues that a court must grant a DOSA sentence to a

nonviolent drug offender if he meets the seven factors enumerated in RCW 9.94A.660(1).

He claims he met those eligibility requirements, and the trial court denied his request

without considering the requirements. Ronald Hender argues the trial court's ruling

constitutes a failure to exercise discretion, a form of error.

RCW 9.94A.660, a section of the historic Sentencing Reform Act of 1981 (SRA),

allows alternative sentences for drug offenders. The statute reads, in part:

> (1) An offender *is eligible* for the special drug offender sentencing
> alternative if:
>      (a) The offender is convicted of a felony that is not a violent
> offense or sex offense and the violation does not involve a sentence
> enhancement under RCW 9.94A.533(3) or (4);
>      (b) The offender is convicted of a felony that is not a felony
> driving while under the influence of intoxicating liquor or any drug under
> RCW 46.61.502(6) or felony physical control of a vehicle while under the
> influence of intoxicating liquor or any drug under RCW 46.61.504(6);
>      (c) The offender has no current or prior convictions for a sex
> offense at any time or violent offense within ten years before conviction of

3

the current offense, in this state, another state, or the United States;

(d) For a violation of the Uniform Controlled Substances Act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance;

(e) The offender has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;

(f) The end of the standard sentence range for the current offense is greater than one year; and

(g) The offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

(2) A motion for a special drug offender sentencing alternative may be made by the court, the offender, or the state.

(3) *If the sentencing court determines that the offender is eligible for an alternative sentence under this section and that the alternative sentence is appropriate, the court shall waive* imposition of a sentence within the standard sentence range and impose a sentence consisting of either a prison-based alternative under RCW 9.94A.662 or a residential chemical dependency treatment-based alternative under RCW 9.94A.664. The residential chemical dependency treatment-based alternative is only available if the midpoint of the standard range is twenty-four months or less.

(Emphasis added.) DOSA is one of several sentencing alternatives available under the SRA.

The State does not deny that Ronald Hender met the seven eligibility requirements in 9.94A.660(1)(a)-(g). But eligibility does not automatically lead to a DOSA sentence. Instead, under 9.94A.660(3), the sentencing court must still determine that "the alternative sentence is appropriate." *State v. Barton*, 121 Wn. App. 792, 795, 90 P.3d

4

1138 (2004).

The purpose of RCW 9.94A.660, known as DOSA, is to provide meaningful treatment and rehabilitation incentives for those convicted of drug crimes, when the trial judge concludes it would be in the best interests of the individual and the community. *State v. Grayson*, 154 Wn.2d 333, 343, 111 P.3d 1183 (2005); *State v. Waldenberg*, 174 Wn. App. 163, 166 n.2, 301 P.3d 41 (2013). It authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from their addictions. *Grayson*, 154 Wn.2d at 337. Under a DOSA sentence, the defendant serves only about one-half of a standard range sentence in prison and receives substance abuse treatment while incarcerated. *Grayson*, 154 Wn.2d at 337-38. Afterward, he or she is released into closely monitored community supervision and treatment for the balance of the sentence. RCW 9.94A.660(7)(c). The offender has significant incentive to comply with the conditions of a DOSA sentence, since failure may result in serving the remainder of the sentence in prison. RCW 9.94A.660(7)(c); *Grayson*, 154 Wn.2d at 338.

As a general rule, the trial judge's decision whether to grant a DOSA sentence is not reviewable. RCW 9.94A.585(1); *Grayson*, 154 Wn.2d at 338 (citing *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003)). The legislature entrusted sentencing courts with considerable discretion under the SRA, including the discretion to determine if the offender is eligible for an alternative sentence and, significantly, whether

5

the alternative is appropriate. *State v. Pascal*, 108 Wn.2d 125, 137, 736 P.2d 1065 (1987). However, an offender may always challenge the procedure by which a sentence was imposed. *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989) (quoting *State v. Ammons*, 105 Wn.2d 175, 182-83, 713 P.2d 719, 718 P.2d 796 (1986)). While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered. *Grayson*, 154 Wn.2d at 342; *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997) (emphasis added). A court that fails to consider a requested alternative abuses its discretion. *Grayson*, 154 Wn.2d at 342.

A seminal Washington DOSA decision is *Grayson*, 154 Wn.2d 333. John Grayson was convicted of one count of delivery of cocaine and one count of possession of marijuana. He requested a DOSA sentence. Although he was eligible under the seven factors of RCW 9.94A.660(1), the State argued against a DOSA sentence because of Grayson's criminal history. The trial court denied the DOSA request, while stating its "main reason" was the State's lack of funding for the DOSA program. *Grayson*, 154 Wn. 2d at 337. The trial court stated no other reason. An alert prosecutor suggested to the trial court that other important factors rendered a DOSA sentence inappropriate. The trial court interrupted the prosecutor in mid-sentence and commented, "I'm not going to give a DOSA, so that's it." *Grayson*, 154 Wn.2d at 337.

On appeal, John Grayson argued that the trial court failed to exercise its discretion

6

by categorically refusing to consider whether a DOSA sentence was appropriate. In a five to four decision, the Supreme Court agreed. A lack of funding was not a fact in the record and was not a legitimate reason for denying the alternative sentence. The trial court rejected the prosecution's request that more reasons be placed on the record. The Supreme Court remanded for a new hearing, despite recognizing ample other grounds existed to find that Grayson was not a good candidate for a DOSA sentence. The court recognized, however, that general information about a sentencing alternative, such as for whom the program is intended, is the kind of information that helps a judge exercise discretion. *Grayson*, 154 Wn.2d at 341. The dissenters noted that the trial court had determined that a DOSA sentence would not benefit John Grayson or the community and so the trial court had properly exercised its discretion.

Contrary to the trial court in *Grayson*, our trial court exercised its discretion and stated reasons on the record for denying a DOSA sentence. The trial court emphasized Ronald Hender's lack of accountability and refusal to be responsible for his conduct. Although many behavioral scientists disagree, many recognize that one who blames others for his wrongs is detached from reality and this detachment interferes in one's ability to benefit from treatment. If a user does not take responsibility for his behavior, he is not likely to be receptive to change in the behavior. Alcohol and drug addiction are common results of a blaming attitude. Thus, the trial court did not abuse its discretion when concluding that a DOSA sentence does not fit the predisposition of Ronald Hender.

7

No. 31356-5-III
*State v. Hender*

CONCLUSION

We affirm the trial court's refusal to grant a DOSA sentence.

Fearing, A.C.J.

WE CONCUR:

Brown, J.

Korsmo, J.

8