IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 71093-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD CARL ADORNETTO, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 2, 2015 |

SCHINDLER, J. — Richard Carl Adornetto appeals the denial of his request for a

parenting sentencing alternative (PSA) under RCW 9.94A.655. Adornetto argues the

court refused to apply the alternative to an entire class of otherwise eligible offenders.

Viewing the court's ruling in context, we disagree, and affirm the court's determination

that a PSA was not appropriate.

On August 8, 2012, Joseph Rinaldi returned to his home to find that a safe in his

basement had been forced open and 22 of his firearms stolen. During the investigation,

a police officer collected a sample of blood from the door leading to the room with the

safe. The DNA[1] analysis matched the DNA of Richard Carl Adornetto. The State

charged Adornetto with residential burglary and three counts of theft of a firearm.

---

[1] Deoxyribonucleic acid.

On July 24, 2013, Adornetto agreed to plead guilty as charged and the State agreed to not file additional charges. Adornetto agreed to the criminal history listed in the State's appendix to the plea agreement. The appendix identified an adult felony residential burglary in 2009 and five adult misdemeanors in California between 2006 and 2008, including embezzlement, theft, and burglary. The plea agreement stated Adornetto planned to request a PSA that allows an eligible offender to serve 12 months of community custody rather than a prison term. The prosecutor stated the State would oppose his request and recommend a standard range sentence of 36 months in prison. Defense counsel requested the court schedule a sentencing date in September to allow time for a social worker to arrange a PSA evaluation. The court scheduled the sentencing hearing for September 27, 2013.

Before the hearing on September 27, Adornetto filed a motion to continue and a preliminary defense presentence report. In the motion, Adornetto explained that on September 24, the Department of Corrections (DOC) admitted to an oversight in scheduling the PSA assessment. According to Adornetto, DOC asked the defense to obtain a continuance of the sentencing hearing to allow time to complete the assessment. Adornetto also stated, "[T]o the extent the absence of a DOC assessment is due to counsel's negligence, a continuance is necessary to avoid issues of ineffective assistance of counsel."

In the preliminary defense presentence report, Adornetto described his personal history, including the impact of his father's incarceration on his childhood. Adornetto said that he and his wife lived together with their four-year-old daughter and had stable

employment. Adornetto asked for a PSA to avoid inflicting "his own childhood experiences" of "absent parents" on his daughter.

In support of his request for a PSA, Adornetto attached a "psychosocial assessment" prepared by social worker Rachel Dryden. Dryden reported meeting with Adornetto several times, including one meeting where his wife was present. Dryden described Adornetto's social history and current family life and reported Adornetto denied any substance abuse or mental health problems. Dryden attached a copy of a slide presentation about the PSA program from a February 2012 legislative work group. The slides describe two programs: (1) the PSA sentencing alternative program under RCW 9.94A.655, and (2) DOC's community parenting alternative program under RCW 9.94A.6551 that provides for partial confinement for eligible offenders not sentenced under the PSA. The slides include a list of eligibility requirements, a description of how participants are monitored, and charts and graphs showing statistics and the number of children impacted by both programs since the two statutes became effective in March 2010. One slide states that 44 children "were diverted from entering the foster care system" based on participation in the two programs, but also indicates that foster care was "never considered" for 108 other children.

At the beginning of the sentencing hearing on September 27, the court stated that it had reviewed Adornetto's motion to continue, the certification of probable cause, the State's presentence report, letters from the victim, and the defense preliminary presentence report and attachments, including "the defense PowerPoint" slide presentation. The court also stated it read the PSA statute, RCW 9.94A.655. With regard to the delay in the DOC assessment, the court found "no neglect or

malfeasance . . . on the part of defense here." The court denied Adornetto's motion for

a continuance based on its determination that a PSA was not an appropriate sentence

in this case. The court ruled, in pertinent part:

> I'm going to deny the request for continuance. I do so because, having educated myself to the extent I think realistically possible on this sentencing alternative and understanding and I think well informed by materials that came in today from the defense PowerPoint I'm referring to, the Court does not see this as an appropriate resolution here given all of the different purposes of sentencing, and accountability being one of them and even-handed treatment being another. It appears to the Court that there may very well be appropriate cases for this kind of parenting sentencing alternative, and really the Court sees those -- and I saw those in some of the PowerPoint demographic breakdown foster situation where the child would be in foster care but for the parents being spared a prison sentence or circumstances that would be really endangering to the child. And I don't mean to minimize any child having to be separated from any parent for a period of incarceration, but that's an unpleasant fact of life in this arena.
>
> But this isn't a situation where the Court would exercise its discretion to grant such a sentence.

The court imposed a sentence of 31 months of confinement in prison, the low

end of the standard range and 5 months less than the State's recommendation,

because "the information that's been provided by the defense in this case is mitigating."

On appeal, Adornetto challenges the court's decision to deny his request for a

PSA. Adornetto asserts that as in State v. Grayson, 154 Wn.2d 333, 111 P.3d 1183

(2005), the court abused its discretion by categorically refusing to consider a PSA

sentence based on an erroneous belief that the alternative is unavailable for any

offender whose child would not be at risk of foster care or other danger if the offender is

sentenced to prison.

Adornetto takes the comments the court made about foster care, or

"endangering" circumstances, out of context. In context, we view the court's comments

about foster care and potential dangers to children of an imprisoned parent as an acknowledgement that the court might find a PSA to be more appropriate in other circumstances. The record shows the court properly exercised its discretion and did not impermissibly deny Adornetto's request.

Generally, the decision of whether to grant a sentencing alternative is not reviewable on appeal. Grayson, 154 Wn.2d at 338. "However, an offender may always challenge the procedure by which a sentence was imposed." Grayson, 154 Wn.2d at 338. Review of such decisions is limited to circumstances where the court has categorically refused to exercise its discretion or has relied on an impermissible basis for refusing to impose an alternative. Grayson, 154 Wn.2d at 342; State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

In Grayson, the sentencing court denied a request for a drug offender sentencing alternative (DOSA) "because of the fact that the State no longer has money available to treat people who go through a DOSA program." Grayson, 154 Wn.2d at 337.[2] On appeal, Grayson challenged the court's failure to seriously consider the alternative and reliance on facts outside the record. Grayson, 154 Wn.2d at 338. The Supreme Court noted that the judge did not articulate any other reason for denying the DOSA despite the prosecutor's request for additional reasons. Grayson, 154 Wn.2d at 342. Recognizing that "there were ample other grounds to find that Grayson was not a good candidate for DOSA," the Supreme Court determined that the trial court erred by categorically refusing to consider a statutorily authorized sentencing alternative for an eligible offender. Grayson, 154 Wn.2d at 342.

---

[2] Emphasis omitted.

RCW 9.94A.655 grants the court the discretion to waive a standard range sentence and impose a PSA term of 12 months of community custody for an eligible offender.[3] An offender is eligible for a PSA if (1) the high end of the standard range sentence for the current offense is more than 1 year, (2) the offender has no felony sex- or violent-offense convictions, (3) the offender is not subject to deportation, and (4) the offender has physical custody of a minor child. RCW 9.94A.655(1). The sentencing court must also "consider the offender's criminal history when determining if the alternative is appropriate." RCW 9.94A.655(4).

But "eligibility does not automatically lead to" an alternative sentence because the sentencing court must still determine "that the sentencing alternative is appropriate and should be imposed." State v. Hender, 180 Wn. App. 895, 900, 324 P.3d 780 (2014); RCW 9.94A.655(4). "The legislature entrusted sentencing courts with considerable discretion . . . to determine . . . whether [an] alternative is appropriate." Hender, 180 Wn. App. at 900-01.

Here, the judge read the statute and reviewed the defense PowerPoint, both of which include clear statements of PSA eligibility requirements. There is no dispute Adornetto met the PSA eligibility requirements. There is also no dispute the State opposed allowing him to participate in the PSA program despite his eligibility. The record shows that unlike Grayson, the court's denial of the request for a PSA was grounded in statutory considerations. The court expressly reviewed the information submitted before sentencing, including Adornetto's criminal history, as required by RCW

---

[3] RCW 9.94A.655(4) states, in pertinent part:

If the sentencing court determines that the offender is eligible for a sentencing alternative under this section and that the sentencing alternative is appropriate and should be imposed, the court shall waive imposition of a sentence within the standard sentence range and impose a sentence consisting of twelve months of community custody.

9.94A.655(4). The court specifically stated that a PSA was not "an appropriate resolution here" based on "accountability" and "even-handed treatment." These are proper concerns for a court considering a sentencing alternative. See, e.g. Hender, 180 Wn. App. at 900-02 (despite offender's eligibility for DOSA, court properly exercised discretion by denying DOSA based on offender's lack of accountability and refusal to take responsibility for his actions).

We affirm.

WE CONCUR: