# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,        )     No. 75638-9-I

       Respondent,      )     DIVISION ONE

       v.               )

NEGLIA MARIAN NETTLES,     )     UNPUBLISHED

       Appellant.       )     FILED: <u>November 14, 2016</u>

Cox, J. – Neglia Nettles appeals her judgment and sentence, arguing that the trial court abused its discretion in denying her request for a Drug Offender Sentence Alternative (DOSA). Because this record shows there was no such abuse of discretion, we disagree. Nettles also raises numerous evidentiary challenges in a Statement of Additional Grounds dated April 14, 2016, but none has merit. We affirm.

On February 5, 2015, Nettles attempted to deposit a check at a Wells Fargo bank. The check came from the account of a woman long deceased. The bank teller found a hold on Nettles's account and, suspecting fraud, called the police. Officer Joshua McKenzie responded to the call and stopped Nettles as she was leaving the bank. He advised her that she was not under arrest but that he needed to ask her some questions. During this conversation, Officer McKenzie effectively blocked Nettles's exit and read Nettles her <u>Miranda</u> rights. She acknowledged her rights and chose to answer his questions.

Officer McKenzie briefly left to interview the bank manager. He also called the co-owner of the account listed on the check. The co-owner, the deceased woman's son, informed Officer McKenzie that his mother had passed away. Officer McKenzie then returned to question Nettles who claimed to have met with the deceased woman the day before. Officer McKenzie then arrested Nettles.

The State charged Nettles with identity theft and forgery. While released pending trial, Nettles failed to appear when required, and the court issued a bench warrant. Also while on release, she tried again to pass a forged check.

After a bench trial, the court found Nettles guilty of identity theft, forgery, and bail jumping. She pleaded guilty to additional charges of identity theft and forgery arising out of the offenses committed while on release.

After trial and before sentencing, the Department of Corrections screened Nettles for drug dependency. It reported to the court that Nettles drank alcohol and used methamphetamine daily. When she attempted to quit using, she became sick from withdrawal and relapsed to using in greater proportions to "get the same effects as before." Addiction destroyed her ability to work and care for her children. It made her a danger to others.

Nettles requested a DOSA at her sentencing hearing. The trial court denied Nettles's request, concluding there was no basis for a DOSA. Instead, the court sentenced Nettles to 60 months of confinement on a conviction plus an additional day of confinement as an exceptional sentence for others, followed by community supervision.

Nettles appeals.

2

## DOSA

Nettles argues that the trial court abused its discretion in denying her request for a DOSA. We disagree.

If the trial court considered the facts and concluded that a DOSA was inappropriate, this court will not review its ruling.[1] But the defendant may challenge the procedure by which a sentence was imposed.[2]

In determining whether to order a DOSA, the trial court engages in a two-part inquiry.[3] First, the court determines whether the defendant is eligible for a DOSA based on meeting seven eligibility requirements under RCW 9.94A.660(1). Second, the court determines if a DOSA is appropriate for the particular defendant. Nettles's eligibility for a DOSA is not disputed in this case.

The issue in this case is whether the court, in its discretion, erred in deciding that a DOSA was not appropriate.[4]

Nettles argues that the court did not explain what factual or legal requirements were absent from her request for a DOSA. She appears to argue that eligibility for a DOSA necessarily means that a DOSA is appropriate. She is mistaken.

---

[1] State v. Hender, 180 Wn. App. 895, 901, 324 P.3d 780 (2014).

[2] Id.

[3] Id. at 900.

[4] Id.

3

Nettles relies on State v. Grayson.[5] That reliance is misplaced. In that case, John Grayson was a long time drug dealer found guilty of delivering crack cocaine.[6] Prior to sentencing, he requested a DOSA.[7] He was screened and found eligible.[8] But at sentencing, the trial court denied his request, explaining that the State's lack of funding for the DOSA program was its "main reason" for the denial.[9] When the State attempted to offer further reasons for the record, the court interrupted, stating it had already decided against the DOSA "so that's it."[10]

Grayson argued on appeal that the court had inadequately considered where a DOSA might have been appropriate.[11] The supreme court agreed.[12] While recognizing that the record contained "ample" grounds to deny the DOSA, the supreme court determined that the trial court had not actually considered whether the DOSA might be appropriate for Grayson.[13] In declining to "articulate any other reasons for denying the DOSA," the supreme court determined that the

---

[5] 154 Wn.2d 333, 111 P.3d 1183 (2005).

[6] Id. at 336.

[7] Id.

[8] Id.

[9] Id. at 336-37.

[10] Id.

[11] Id. at 337.

[12] Id. at 343.

[13] Id. at 342.

trial court's denial was impermissibly categorical.[14] It reversed and remanded for a new sentencing hearing.

Here, unlike in Grayson, the trial court did consider Nettles's request for a DOSA and, looking to her particular circumstances and the facts of her case, concluded a DOSA was not appropriate. In doing so, it did not abuse its discretion.

The court conducted an extensive sentencing colloquy with counsel for the parties, taking notes while doing so. It first heard the State's request for an elevated exceptional sentence for total confinement of 75 months. This was based, in part, on a high offender score of 19, well over the 9 on the sentencing grid. She had committed numerous offenses, including seven while released pending trial in this case. The court also heard that Nettles had previously been granted a DOSA that was revoked because she violated its attendant conditions. The court also considered a letter from Nettles describing her circumstances and also questioned her before imposing sentence.

On this record, there is nothing to show any improper procedure in the court exercising its discretion on the question whether a DOSA was appropriate. We reject the argument to the contrary.

## STATEMENT OF ADDTIONAL GROUNDS

Nettles argues that the court relied on inadmissible evidence in a Statement of Additional grounds pursuant to RAP 10.10. Specifically, she

---

[14] Id.

challenges the trial court's use of Exhibits 1, 7, 10, and 11. None of these arguments are persuasive.

We review for abuse of discretion evidentiary issues.[15] The trial court abuses its discretion when its "'decision is manifestly unreasonable or based upon untenable grounds.'"[16]

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.[17]

Nettles challenges the use of Exhibit 1, Officer McKenzie's police report, because it was never admitted into evidence. But the State only used the report to refresh Officer McKenzie's memory as to the bank manager's name. Thus, admission of this exhibit was not required.

ER 612 allows a witness to use a writing in order to refresh his memory if the trial court ensures that (1) the witness's memory needs refreshing, (2) opposing counsel has the right to examine the writing, and (3) the trial court is satisfied the party has not coached his witness.[18] A witness is coached if he uses the notes to "supplant[] his own memory."[19]

---

[15] State v. Beadle, 173 Wn.2d 97, 118, 265 P.3d 863 (2011).

[16] Mayer v. City of Seattle, 102 Wn. App. 66, 79, 10 P.3d 408 (2000).

[17] In re the Marriage of Lawrence, 105 Wn. App. 683, 686 n.1, 20 P.3d 972 (2001).

[18] State v. Little, 57 Wn.2d 516, 521, 358 P.2d 120 (1961).

[19] Id.

All three elements were met in this case. Nettles does not argue otherwise.

Nettles also argues that the trial court abused its discretion in relying on Exhibit 7. She is correct that the court never admitted this exhibit. But there is nothing to show the court relied on it.

Nettles also argues that the trial court abused its discretion in admitting Exhibit 10, a motion and declaration authorizing a bench warrant when Nettles jumped bail. But Nettles did not provide Exhibit 10 to this court. She must provide an adequate record.[20] Because Nettles failed to do so, we do not review this challenge.

### Miranda Warnings

Nettles also argues that Officer McKenzie erroneously failed to re-advise her of her rights under Miranda v. Arizona when he arrested and handcuffed her 30 minutes after his initial contact with her.[21] She contends that the passage of time rendered the Miranda warnings stale. We disagree.

We review de novo a trial court's determination on the sufficiency of Miranda warnings.[22]

When police interrogate a person in custody, they must warn her of her rights to silence and the presence of counsel.[23] Police may only continue

---

[20] RAP 10.10(c).

[21] See 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d. 694 (1966).

[22] State v. Lorenz, 152 Wn.2d 22, 36, 93 P.3d 133 (2004).

[23] Miranda, 384 U.S. at 469.

interrogation if the person "unambiguously" invokes her rights.[24] If police continue to question the suspect after she invokes her rights, her statements may be excluded at trial.[25] But if she makes a statement that is "ambiguous or equivocal" or makes none at all, then she waives those rights and police may continue interrogation.[26]

Here, the State conceded that Nettles was in custody when Officer McKenzie detained her in the bank, before formally placing her under arrest. It also does not contest that Officer McKenzie's questions at that point constituted interrogation. But Nettles responded to that interrogation and answered Officer McKenzie's questions. Nettles thus failed to invoke her rights.

The only remaining issue is whether the thirty minutes between the initial detention and the formal arrest required fresh Miranda warnings. We have held that "[w]here a defendant has been adequately and effectively warned of his constitutional rights, it is unnecessary to give repeated recitations of such warnings prior to the taking of each separate in-custody statement."[27] It is also unnecessary to repeat such warnings after a delay of three and a half hours or

---

[24] Berghuis v. Thompkins, 560 U.S. 370, 381, 130 S. Ct. 2250, 176 L. Ed. 2d 1098 (2010) (internal citation omitted).

[25] State v. Putman, 65 Wn. App. 606, 612, 829 P.2d 787 (1992).

[26] Berghuis, 560 U.S. at 381 (internal citation omitted).

[27] State v. Fedorov, 181 Wn. App. 187, 191, 324 P.3d 784 (2014).

8

longer.[28]  When a suspect remains in custody for that duration before facing renewed interrogation, he is not entitled to fresh Miranda rights.[29]

Here, Nettles faced a thirty-minute interlude between detention and arrest. This duration did not render the original Miranda warnings stale.  Nettles remained in custody for the duration of that interlude.  Thus, her original waiver of her rights remained valid.

Nettles submitted an additional Statement of Additional Grounds dated April 21, 2016.  Because the submission was untimely, we do not address the arguments in that additional statement.

## COSTS ON APPEAL

Nettles also argues this court should deny any claim for appellate costs. We agree.

This court has discretion whether to require an adult offender to pay appellate costs.[30]  We may exercise this discretion "during the course of appellate review when the issue is raised in an appellant's brief."[31]  We have previously recognized the importance of considering indigence in the exercise of

---

[28] Id.; see also United States v. Rodriguez-Preciado, 399 F.3d 1118, 1129 (9th Cir. 2005) (finding Miranda warnings remained valid after a sixteen hour delay).

[29] Id.

[30] RCW 10.73.160.

[31] State v. Sinclair, 192 Wn. App. 380, 390, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

such discretion.[32] When the trial court has found a party indigent, this court will presume that party remains indigent on appeal.[33]

Here, the court found Nettles indigent at the time of sentencing. The States has not demonstrated that this presumption is overcome by anything in this record. As such, we conclude that an award of appellate costs should be denied.

We affirm the judgment and sentence and deny the award of costs to the State on appeal.

_Cox, J._

WE CONCUR:

_____                    _____

---

[32] Id. at 391.

[33] RAP 15.2(f).