

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON, )
)　　No.  36467-4-III
　　　　　Respondent, )
)
　v. )
)
JASON LEE PLANQUE, )　　UNPUBLISHED OPINION
)
　　　　　Appellant. )

　　　KORSMO, J. — Jason Planque appeals from convictions for third degree assault

and resisting arrest, primarily challenging the refusal to grant a drug offender sentencing

alternative (DOSA) sentence.  We affirm.

## FACTS

　　　An intoxicated Planque was accused of assaulting his mother; she called law

enforcement and reported that he had shoved her.  Planque lived in a house he shared

with his mother and grandmother.  Okanagan Deputy Sheriff Isaiah Holloway arrived at

the location shortly after midnight.  The trial testimony painted distinctly different

versions of the ensuing encounter.

Holloway testified that Planque refused to shake hands with him and, after seeing that Planque wore a knife sheath, the deputy advised Planque that he would be detained pending the investigation. When the deputy attempted to handcuff Planque, the man wrenched his arm free and twice shoved the deputy. The deputy eventually wrestled Planque to the ground and handcuffed him. Mr. Planque never contended that he was injured in the scuffle or that he had any physical limitations.

In contrast, Planque testified that Holloway approached and struck him in the face. When the deputy grabbed his arms, Planque protested that he had limited range of motion in his arms. Because of his physical limitations, he could not have shoved the deputy.[1]

The prosecutor argued in closing that Planque's physical limitation argument was uncorroborated and that no evidence supported the theory other than the defendant's own testimony. The jury convicted Planque of third degree assault and resisting arrest, but acquitted him of fourth degree assault of his mother.

At sentencing, Planque sought a residential DOSA sentence, relying on a letter from his mother and his own allocution reporting a long-term struggle with alcoholism. The court declined to grant the DOSA sentence, reasoning that voluntary treatment was more appropriate in light of the lack of evidence that he was amenable to treatment. The court imposed a standard range prison sentence.

---

[1] Planque's mother testified at trial that she did not remember her son shoving her. The jury acquitted Planque of assaulting his mother.

2

Mr. Planque timely appealed to this court. A panel considered his appeal without hearing argument.

## ANALYSIS

Mr. Planque argues that the prosecutor committed misconduct in closing argument and that the court erred in declining his request for a DOSA sentence. We address those arguments in the order listed. The parties also note that the judgment and sentence references the former third degree assault statute instead of the current statute. We direct that the trial court correct that notation on remand and do not otherwise discuss the issue.

*Prosecutorial Misconduct*

Mr. Planque first argues that the prosecutor committed misconduct in closing argument by noting that his claim of physical limitation was uncorroborated. There was no misconduct.

Our review of this claim is in accordance with a basic principle of appellate litigation. Appellate courts review trial court rulings; where, as here, there is no trial court ruling to challenge, appellate review normally is not available. RAP 2.5(a). There are certain exceptions to this doctrine that recognize a small class of errors that can be reviewed even in the absence of a trial court challenge. The most common of those exceptions, found in RAP 2.5(a)(3), permits review of a manifest error affecting a constitutional right. A party claiming the existence of manifest constitutional error is first required to establish the existence of error that is constitutional in nature. If such an error

3

is demonstrated, the party must then show that the error was not harmless and actually had an identifiable and practical impact on the case. *State v. Kirkman*, 159 Wn.2d 918, 934-935, 155 P.3d 125 (2007); *State v. Scott*, 110 Wn.2d 682, 687-688, 757 P.2d 492 (1988).

The case law reflects the application of this principle to claims of prosecutorial misconduct. The appellant bears the burden of demonstrating prosecutorial misconduct on appeal and must establish that the conduct was both improper and prejudicial. *State v. Stenson*, 132 Wn.2d 668, 718, 940 P.2d 1239 (1997). Prejudice occurs where there is a substantial likelihood that the misconduct affected the jury's verdict. *Id.* at 718-719. The allegedly improper statements should be viewed within the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997).

Reversal is not required where the alleged error could have been obviated by a curative instruction. *State v. Gentry*, 125 Wn.2d 570, 596, 888 P.2d 1105 (1995). The failure to object constitutes a waiver unless the remark was so flagrant and ill-intentioned that it evinced an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury. *Id.*; *State v. Swan*, 114 Wn.2d 613, 665, 790 P.2d 610 (1990); *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988). Finally, a prosecutor has "wide latitude" in arguing inferences from the evidence presented. *Stenson*, 132 Wn.2d at 727. However, it is inappropriate for a prosecutor to suggest that

4

the defendant bears any burden of proof. *State v. Fiallo-Lopez*, 78 Wn. App. 717, 728-729, 899 P.2d 1294 (1995).

Mr. Planque testified that he could not have committed the crime as alleged due to existing injuries. The prosecutor was free to attack the quality of that evidence in closing argument. Once a defendant presents evidence, a prosecutor can fairly comment on what was not produced. *State v. Barrow*, 60 Wn. App. 869, 871-873, 809 P.2d 209 (1991); *State v. Guizzotti*, 60 Wn. App. 289, 298, 803 P.2d 808 (1991); *State v. Contreras*, 57 Wn. App. 471, 788 P.2d 1114 (1990). Here, Mr. Planque's mother testified at trial and could easily have been asked about her son's injuries and alleged inability to shove another adult. The defense never posited the question. It was not improper for the prosecutor to comment on the lack of corroboration.

The prosecutor did not engage in misconduct in closing argument. Because the claim fails for that reason, we need not discuss whether this alleged error was prejudicial.

*Sentencing*

Mr. Planque also argues that the court erred in denying him a DOSA sentence. Since he did not establish that he was amenable to treatment, there was no error.

Mr. Planque received a standard range sentence. By statute, affirmed by our case law, he cannot challenge that sentence. RCW 9.94A.585(1); *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Instead, all he can challenge is the trial court's failure to follow a *mandatory* procedure at sentencing. *State v. Mail*, 121 Wn.2d 707,

5

712, 854 P.2d 1042 (1993). Process-based challenges must point to a failure of the trial court to follow a specific process required by the Sentencing Reform Act of 1981, ch. 9.94A RCW. *Id.* The refusal to consider a statutorily authorized procedure is an abuse of discretion. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

A DOSA sentence is available when the seven eligibility criteria are satisfied and the court deems a DOSA sentence appropriate. RCW 9.94A.660(1), (3). The trial court's decision to grant or deny DOSA is not reviewable. *Grayson*, 154 Wn.2d at 338; *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014). The trial judge has the discretion to determine whether use of the sentencing alternative is appropriate. *Hender*, 180 Wn. App. at 900-901. However, the trial court abuses its discretion if it does not actually consider the request. *Id.*

That did not happen here. The court listened to Mr. Planque's request, but deemed it inappropriate. The court was not required to do more. *Id.* The sentence simply is not appealable because the trial court did not fail to follow any mandatory procedure. *Grayson*, 154 Wn.2d at 338. But, even if the sentencing could be considered, there was no abuse of discretion. Mr. Planque presented no evidence that he was amenable to treatment. That failure was a tenable basis for declining the DOSA request.

The court did not abuse its discretion in declining to grant a DOSA sentence.

Since he has not identified a failure of the trial court to follow a mandatory procedure,

this claim also is not reviewable.

Affirmed and remanded to correct the scrivener's error.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

7