# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53937-3-II |
| Respondent, | |
| v. | Consolidated |
| SHAITAYA MCCOOL, | |
| Appellant. | |
| STATE OF WASHINGTON, | No. 53934-9-II |
| Respondent, | |
| v. | |
| SHAITAYA MCCOOL, | |
| Appellant. | |
| STATE OF WASHINGTON, | No. 53944-6-II |
| Respondent, | |
| v. | |
| SHAITAYA MCCOOL, | |
| Appellant. | |
| STATE OF WASHINGTON, | No. 53947-1-II |
| Respondent, | |
| v. | |
| SHAITAYA MCCOOL, | |
| Appellant. | |

No. 53937-3
Cons. Nos. 53934-9; 53944-6; 53947-1; 53954-3-II

| STATE OF WASHINGTON, | No. 53954-3-II |
| | |
| Respondent, | |
| | |
| v. | |
| | |
| SHAITAYA MCCOOL, | UNPUBLISHED OPINION |
| | |
| Appellant. | |

WORSWICK, J. — Shaitaya McCool appeals her standard range sentence for delivery of heroin, possession of methamphetamine, possession of heroin, theft in the second degree, identity theft in the second degree, vehicle prowl in the second degree, and possession of stolen property in the second degree. She argues that the trial court erred by not granting her requests for a Drug Offender Sentencing Alternative (DOSA). Specifically, McCool argues that the trial court failed to fully and fairly consider McCool's appropriateness for a prison-based DOSA and that the trial court denied her request on untenable grounds for untenable reasons. She also argues, and the State concedes, that the trial court should strike the interest accrual provision on all legal financial obligations (LFOs) and a discretionary Department of Corrections (DOC) community supervision fee. We affirm McCool's standard range sentence, but remand to the trial court to strike the community supervision fee and interest accrual provision.

FACTS

In July 2019, Shaitaya McCool pleaded guilty to one count of delivery of a controlled substance—heroin, two counts of possession of a controlled substance—heroin, two counts of possession of a controlled substance—methamphetamine, three counts of theft in the second degree, four counts of identity theft in the second degree, one count of vehicle prowl in the

2

second degree—felony, and one count of possession of stolen property in the second degree.

McCool requested to be screened for DOSA eligibility. The trial court determined that McCool

was eligible for DOSA.

The DOC filed a Risk Assessment Report as part of the DOSA screening report that

listed McCool's history of drug use and drug dependency. The report also listed McCool's

criminal history, much of which was drug related, which dates back to 2010.

McCool was sentenced in August 2019. At sentencing, McCool's DOC community

corrections officer filed a letter with the trial court detailing the officer's experience with

McCool since her last release from prison in August 2018. The corrections officer explained that

McCool had eight DOC violations since her release, including failure to report, failure to follow

facility rules, consumption of controlled substances including methamphetamine and heroin,

associating with known felons, and traveling outside the state without permission. Attached to

the letter was a report from Clark County Jail listing McCool's facility rule violations while in

custody awaiting sentencing, including possession of heroin paraphernalia.

At the August 2019 sentencing hearing, the State argued that DOSA was not appropriate,

despite McCool's eligibility because her DOC violations and repeated drug infractions

demonstrate an unwillingness to change her behavior. Therefore, the State argued, McCool was

unlikely to comply with DOSA requirements. McCool argued that based on the Risk

Assessment Report she would benefit from DOSA.

No. 53937-3
Cons. Nos. 53934-9; 53944-6; 53947-1; 53954-3-II

The trial court acknowledged that McCool was statutorily eligible for DOSA, but stated it had "a certain amount of discretion" to grant or deny a DOSA. Report of Proceedings (RP) at 42. The trial court denied the DOSA. The trial court explained:

> [T]here are certain things that we look for, certain characteristics that are more prone to make this program a success or less likely to make this program a success.
>
> And I don't have any doubt that the drug use here is a major concern. . . .
>
> My concern is that it's perhaps—perhaps too little too late vis a vis *the whole pattern and constellation of information that I have in front of me*, including the report here and the DOC statement.
>
> Again . . . it's one that doesn't seem to fit and from my standpoint is a good use of resources and risks to try to squeeze into this program given the history, which we see a fairly consistent pattern of non-compliance, which is not a good sign for chances of success.
>
> So there may be resources there in prison. I'm sure there are. I hope you take advantage of them, but I'm not going to grant the DOSA alternative.

RP at 42-43 (emphasis added).

The trial court sentenced McCool to a standard range sentence of 90 months of confinement (with multiple sentences running concurrently) followed by 12 months of community custody.

The trial court judge determined McCool was indigent and, in an oral ruling, stated, "I'll strike the legal financial obligations. Indigency seems to be established." RP at 45. In the written Felony Judgment and Sentence (FJS) forms, the trial court imposed the mandatory victim assessment fee and waived other discretionary fees due to indigency. However, the trial court imposed "supervision fees as determined by DOC" as part of McCool's community custody. Clerk's Papers (CP) at 49, 90, 139, 206, 252 (boilerplate under section 4.2(B) of each FJS form).

4

The FJS forms also stated, "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090." CP at 51, 92, 141, 208, 254.

McCool appeals her sentence.

ANALYSIS

I. DOSA

McCool argues that the trial court abused its discretion when it declined to impose a DOSA and instead imposed a standard range sentence. We disagree.

A. *Exercise of Discretion*

As a general rule, a criminal defendant may not appeal the trial court's decision to deny a DOSA. *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014); RCW 9.94A.585(1). However, a defendant may challenge the procedure by which the trial court imposed the sentence. *Hender*, 180 Wn. App. at 901. Where a defendant is statutorily eligible for a DOSA, the defendant is entitled to ask the trial court to consider the alternative and have that alternative actually considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). A defendant is statutorily eligible for a DOSA if they meet the seven factors listed in RCW 9.94A.660(1). A trial court that "*refuses categorically*" to impose a DOSA, without considering it as an alternative, abuses its discretion. *Grayson*, 154 Wn.2d at 342 (emphasis added) (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)). However, a defendant may not appeal when a trial court considers the facts and concludes there is no basis for a sentencing alternative. *Garcia-Martinez*, 88 Wn. App. at 330.

In *Grayson*, the defendant was statutorily eligible for a DOSA and requested a DOSA. 154 Wn.2d at 336. The record there showed the defendant had a long history of drug crimes. 154 Wn.2d at 336. The trial court categorically denied a DOSA, refusing to review the defendant's record even when the State suggested the trial court review the record. *Grayson*, 154 Wn.2d at 337. Our Supreme Court reversed, held that the trial court abused its discretion, and remanded to the trial court with instructions to review the record and determine whether the defendant should be granted a DOSA. *Grayson*, 154 Wn.2d at 342-43.

Here, the trial court did not categorically refuse to consider the DOSA. First, the court heard arguments from both parties. Second, the court based its decision on the record, including the DOSA Risk Assessment Report and the letter from the DOC officer. Third, the court based its decision on McCool's history, concluding her "pattern of non-compliance . . . is not a good sign for chances of success." RP at 43. Because the trial court properly considered whether a DOSA was appropriate without refusing categorically, it did not abuse its discretion.

B.      *Untenable Grounds*

McCool also argues that the trial court based its decision on untenable grounds and untenable reasons and thus abused its discretion. McCool argues that this is because the trial court did not consider the benefit a DOSA might bring to McCool and the community. But this is not the standard. The standard, as explained above, is whether the trial court considered the facts and made a decision without refusing categorically to grant a DOSA. *Grayson*, 154 Wn.2d at 342. Indeed, former RCW 9.94A.660(5)(a)(iv) 2016 mandates that the *examination* ordered by the court to determine if an offender is eligible must consider these potential benefits. Here,

6

No. 53937-3
Cons. Nos. 53934-9; 53944-6; 53947-1; 53954-3-II

such an examination was conducted and supplied to the court in the DOC DOSA screening report. Accordingly, we disagree and hold that the trial court did not abuse its discretion.

## II. LEGAL FINANCIAL OBLIGATION AND INTEREST ACCRUAL

McCool argues, and the State concedes, that the trial court should strike the DOC community supervision fee and an interest accrual provision on legal financial obligations. We accept the State's concession.

## III. CONCLUSION

We hold that the trial court did not abuse its discretion when it denied McCool's request for a DOSA, and we accept the State's concession on McCool's LFOs. Accordingly, we affirm McCool's standard range sentence and remand to the trial court to strike the community supervision fee and interest accrual provisions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____, C.J.
Lee, C.J.

_____
Glasgow, J.

7