**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82345-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CHRISTIAN JAMES GREENFIELD, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Christian J. Greenfield appeals from a judgment and sentence after entry of a guilty plea. He alleges the trial court failed to follow statutory procedure in denying his request to impose a "Parent [Offender] Sentencing Alternative" (POSA).[1] He also seeks an order vacating his conviction for possession of a controlled substance pursuant to State v. Blake[2] and requests various corrections to his judgment and sentence (J&S). The State concedes error as to the Blake issue and challenges raised based on the J&S. We remand for the court to consider Greenfield's request for a POSA within the framework required by statute. We further vacate the conviction for possession of a controlled substance, and direct that the trial court correct the J&S consistent with this opinion.

---

[1] This sentencing alternative is also referred to as a Family Offender Sentencing Alternative, or FOSA.

[2] 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

On March 22, 2018, Christian Greenfield was charged with possession of a stolen vehicle and possession of a controlled substance. He entered a guilty plea to both charges on July 11, 2018, which was accepted by the court. Greenfield requested a "Parent [Offender] Sentencing Alternative" (POSA), and the court ordered a risk assessment report from the Department of Corrections (DOC), along with documentation from the Department of Social and Health Services (DSHS) Children's Administration.[3] The court ordered numerous continuances in order to monitor Greenfield's progress as he completed treatment, eventually making a sentencing decision on February 4, 2021. The court ultimately denied Greenfield's request, finding that although Greenfield was statutorily eligible because he had physical custody of his son at the time of sentencing, the court was "absolutely convinced" that there would be an objection "based on [Greenfield's] history."

The court instead imposed a 50-month prison-based "Drug Offender Sentencing Alternative" (DOSA), the terms of which include a number of community custody conditions; condition number six requires Greenfield to "[s]tay out of drug areas, as defined in writing by the supervising Community Corrections Officer." At sentencing, the court reserved on the issue of restitution, but waived all other legal financial obligations (LFOs) based on a finding of indigency. However, preprinted language in the judgment and sentence (J&S) orders Greenfield to pay DOC supervision fees. The J&S also orders Greenfield to pay

_____

[3] In July 2018, the Department of Social and Health Services (DSHS) transferred child welfare responsibilities to the Department of Children, Youth and Families (DCYF). RCW 43.216.906

No. 82345-1-I/3

interest on LFOs, contrary to statute. Greenfield timely appealed and the court granted a stay of his sentence pending appeal.

ANALYSIS

I.      Parent Sentencing Alternative

Greenfield first challenges the court's decision not to impose a POSA. Generally, a judge's decision to impose an alternative sentence is not reviewable. See State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005) (Drug Offender Sentencing Alternative); State v. Pineda, No.35235-8-III, slip op. at 4 (Wash. Ct. App. Aug. 16, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/ 352358_unp.pdf.[4]  "However, an offender may always challenge the procedure by which a sentence was imposed." Grayson, 154 Wn.2d at 338.  Trial courts have "considerable discretion under the SRA,[5] including the discretion to determine if the offender is eligible for an alternative sentence and, significantly, whether the alternative is appropriate." State v. Hender, 180 Wn. App. 895, 900–01, 324 P.3d 780 (2014).

RCW 9.94A.655 states a court considering a POSA "shall request that the department [of corrections] contact the department of children, youth, and families to determine if the agency has an open child welfare case or prior substantiated referral of abuse or neglect involving the offender." If there is an open child welfare case or investigation, "the department [of corrections] will provide the release of

---

[4] Unpublished opinions are not binding precedent on this court, but we may utilize them as "necessary for a reasoned . . . opinion." GR 14.1(a); (c). We consider the unpublished Pineda case as one of the only cases in Washington analyzing the Parent Offender Sentencing Alternative.
[5] Sentencing Reform Act, chapter 9.94A RCW.

information waiver and request that the department of children, youth, and families . . . provide a report to the court." RCW 9.94A.655(4)(a). If the defendant is not currently involved with DCYF but had previous involvement, "the department [of corrections] will obtain information from the department of children, youth, and families on the number and type of past substantiated referrals of abuse or neglect and report that information to the court." RCW 9.94A.655(4)(d).

Greenfield argues the court erred in not ordering DCYF to submit a separate report, rather than submitting its report as part of the risk assessment report prepared by DOC. He alternatively argues the court erred in failing to ask for an updated report from DCYF prior to imposing the sentence. He also assigns error based on the judge's speculation as to what information might have been provided in an updated report, and whether DCYF would object to the POSA.

A.    Separate Report

RCW 9.94A.655 requires DCYF to submit a report to the court after being contacted by DOC and provided with the necessary release of information. Greenfield correctly notes that if there is no open child welfare case, but the offender was previously involved with DCYF, DOC "will obtain information from the department of children, youth, and families" rather than DCYF submitting its own report. If there is an open child welfare case, however, DCYF must "provide a report to the court." RCW 9.94A.655(4)(a).

Here, the DOC Community Corrections Officer conducting Greenfield's risk assessment for the court wrote, "Copies of the written reports I received from Children's Administration (CA) regarding Mr. Greenfield are attached for [the]

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Court [to] review." Attached to the risk assessment, on DSHS Children's Administration letterhead, is a report explicitly completed by the Children's Administration. Greenfield does not contest that this report, attached to the larger DOC report, was substantively completed by DCYF (then DSHS). Another earlier report was attached as an appendix to Greenfield's sentencing memorandum, also on DSHS Children's Administration letterhead.

Two separate reports, authored by DSHS Children's Administration, were submitted to the court. As such, the court complied with the statutory procedure with regard to requiring reports authored by DCYF.

B.      Updated Report

The language of RCW 9.94A.655 requires that "a report" be submitted to the court by DCYF "within seven business days of the request" from DOC. The statute also requires DCYF to "[p]rovide a copy of the most recent court order entered in proceedings . . . pertaining to the offender, and provide a report regarding whether the offender has been cooperative with services ordered by the court in those proceedings." RCW 9.94A.655(4)(a). "[I]f there is no court order or there has not been court involvement," DCYF must still submit a report that includes "[l]ength of time [DCYF] has had an open child welfare case or child protective services response," among other things. RCW 9.94A.655(4)(a), (a)(ii). This statutory language demonstrates the intention of the legislature for a sentencing court to have timely information when considering a POSA. As this court has noted, "Situations such as those involving dependent children . . . are fluid and ever changing." In re Guardianship of Way, 79 Wn. App. 184, 192, 901

- 5 -

P.2d 349 (1995). In the year since the last report from DSHS was submitted to the superior court in Greenfield's case, many required pieces of information could have become outdated: the length of time DCYF had an open case, legal status of the case, the most recent court order, and whether Greenfield was cooperative in services. See RCW 9.94A.655(4)(a), (a)(ii).

The court appears to have recognized this fact when it ordered an updated assessment of Greenfield's POSA eligibility (which necessarily included a current report from DCYF) at the October 2, 2019 hearing "because the other one is outdated." That order for an updated assessment was made nine months after the initial eligibility assessment by DOC, and report from DCYF, because the court clearly felt the information contained in the original reports submitted in January 2019 was now stale. However, over 15 months elapsed between the submission of the updated information in 2019 and Greenfield's sentencing in February 2021. If critical information about child welfare and chemical dependency treatment becomes stale and an inappropriate basis for a sentencing determination after nine months, it is similarly outdated and improper for that purpose after 15 months. A court necessarily abuses its discretion if it fails to follow the statutory procedures. See In re Marriage of Watson, 132 Wn. App. 222, 230, 130 P.3d 915 (2006). Because the court here failed to order an updated report from DCYF[6] so that its sentencing determination would be based on current information, it abused its discretion.

---

[6] While the plain language of RCW 9.94A.655 refers to "a report," the statute does not specify that the report may only be submitted in writing. While those other facts are not before us, we do not foreclose the possibility of compliance with this portion of the statute by way of an oral report submitted via the testimony of a DCYF representative or some other alternate means.

No. 82345-1-I/7

C.    Consideration of a Potential DCYF Objection

Finally, Greenfield argues the court abused its discretion by relying on speculation that DCYF would object to a POSA. In denying a POSA, the court considered that Greenfield's mother, who has legal custody of his child, "doesn't think that it's safe allowing the child to be legally placed back with the father," and considered Greenfield's history with the child welfare system. The court believed, based on this history, that there would be an objection to the sentencing alternative and denied the POSA request. It stated

> Because of the status of the third-party custody action and DSHS being aware of that in resolution of the case, this [c]ourt is absolutely convinced that if that evaluation was updated at this point there would be an objection based on his history. For that basis I'm denying the request.

As a preliminary matter, the record appears to refer to an objection by DOC, which is tasked under the statute with conducting the risk assessment required for a POSA. Either way, this was error in three respects. First, the court improperly speculated that there would be an objection to the POSA, without the benefit of updated information from either DOC or DCYF. Second, the language of RCW 9.94A.655 does not require the report to include an opinion by DOC or DCYF as to the propriety of a POSA in a given case, suggesting that the discretion to impose the sentencing alternative remains solely with the court. Third, this record demonstrates that the court did not properly consider the factors mandated by the statute.

While we reverse a sentencing court decision only for an abuse of discretion, a court abuses its discretion when it relies on unsupported facts. State

- 7 -

v. Haag, 198 Wn.2d 309, 317, 495 P.3d 241 (2021); see also State v. Arndt, 194 Wn.2d 784, 799, 453 P.3d 696 (2019). A court's factual findings must be supported by the record. Haag, 198 Wn.2d at 317. There is nothing in the record before us to suggest DCYF had ever formally objected to Greenfield's request for a POSA, even in the reports it previously submitted in 2019, and the State objected to the sentencing alternative only on the question of the status Greenfield's custody of his son. The December 2019 risk assessment report submitted by DOC, the most current information before the court regarding the POSA, concluded that Greenfield was not statutorily eligible based on not having physical custody of his son, but otherwise opined that he had "mitigating protective factors . . . that presents [sic] him as a suitable candidate for the FOSA program." The court's conclusion that there would be an objection to the POSA was unsupported by the record and a sentencing decision based on that determination is therefore an abuse of discretion.

Even if, as Greenfield argues, DCYF did expressly object to a POSA, that opinion would not have been binding on the court. RCW 9.94A.655(4)(e) clearly states

> The existence of a prior substantiated referral of child abuse or neglect or of an open child welfare case does not, alone, disqualify the parent from applying or participating in this alternative. The court shall consider whether the child-parent relationship can be readily maintained during parental incarceration, and whether, due to the existence of an open child welfare case, parental incarceration exacerbates the likelihood of termination of the child-parent relationship.

"'It is well settled that the word "shall" in a statute is presumptively imperative and operates to create a duty, rather than to confer discretion.'" State v. P.M.P., 7 Wn.

App. 2d 633, 644, 434 P.3d 1083 (2019) (quoting In re Parental Rights to K.J.B., 187 Wn.2d 592, 601, 387 P.3d 1072 (2017)). The court was required by statute to consider whether Greenfield's relationship with his child could be maintained if he was incarcerated, and the impact of incarceration on any open child welfare case. RCW 9.94A.655(3)–(4). The record does not reflect consideration of these statutory factors. Instead, the court stated that it was denying the request for the POSA and noted, "I'm going to indicate the reason why, so that way, if there's an appeal, the issue can be addressed."

The only explanation offered by the court for its denial was the indication by Greenfield's mother that she was not in favor of returning legal custody to Greenfield at that point in time and, on that basis, the court was "absolutely convinced that if that evaluation [by DOC, to include the statutorily required input from DCYF] was updated at this point there would be an objection based on his history." The POSA statute expressly declares that the presence of a current or past child welfare case does not disqualify a parent from receiving the sentencing alternative and then sets out the other factors the court must consider in reaching its sentencing determination. Because the court based its denial only on a speculative position from DOC and DCYF, which may not have been necessary had it requested an updated report, it abused its discretion by failing to follow the statutory procedure. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

II.     Conviction for Simple Possession of a Controlled Substance

Greenfield next argues his conviction for possession of a controlled substance should be vacated in light of Blake.  We accept the State's concession on this issue and remand for the court to vacate this conviction.

III.    Legal Financial Obligations

Greenfield further identifies a clerical error in his J&S which imposes a DOC supervision fee despite the court's finding of indigency and expressed intent to only impose mandatory LFOs.  He also contends the court erred by imposing interest on non-restitution LFOs.  At the sentencing hearing, the court reserved on the issue of restitution, but waived all other non-mandatory LFOs.  The State concedes the imposition of supervision fees is a clerical error and asks this court to order the provision stricken.  The State also concedes the court erred in imposing interest on LFOs.

The State's concessions on the errors regarding LFOs are well-taken. "[S]upervision fees are waivable by the trial court" and are therefore "discretionary LFOs."  State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020).  LFOs, other than restitution, "no longer accrue interest."  Id. at 153.  This has been the case since June 7, 2018.  See former RCW 10.82.090, amended by Laws of 2022, ch. 260, § 12 ("As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations").  We remand to the superior court to strike the DOC supervision fees as scrivener's error and strike the interest provision pursuant to Former RCW 10.82.090.

No. 82345-1-I/11

IV.     Unconstitutionally Vague Condition of Community Custody

Finally, Greenfield challenges community custody condition number six in appendix 4.2 of his J&S, which states "Stay out of drug areas, as defined in writing by the supervising Community Corrections Officer," as unconstitutionally vague. The State concedes this issue as well, relying on State v. Irwin, 191 Wn. App. 644, 364 P.3d 830 (2015). In Irwin, this court struck down a similar condition as unconstitutionally vague. Id. at 652.[7] We again accept the State's concession. Greenfield asks this court to strike the condition, while the State asks us to either strike or remand with instructions to "provide clarifying language or an illustrative list of prohibited locations.'" Id. at 655. We remand and instruct the lower court to strike the unconstitutional provision.[8]

Reversed and remanded.

WE CONCUR:

_____

_____          _____

---

[7] The condition in Irwin stated "Do not frequent areas where minor children are known to congregate, as defined by the supervising CCO." Id.

[8] As Greenfield notes, the Snohomish County Prosecutor's Office has conceded that this identical condition is unconstitutionally vague in several other appeals. It would behoove the State, in the interest of judicial economy, to update its standardized forms to avoid repetitive review and remand by this court to correct this clearly erroneous condition. See State v. Baker, No. 80227-5-I, slip op. at 9–11 (Wash. Ct. App. Aug. 2, 2021) (unpublished) https://www.courts.wa.gov/opinions/pdf/802275.pdf; State v. Reamer, No. 78447-1-I, slip op. at 8–9 (Wash. Ct. App. July 29, 2019) (unpublished) https://www.courts.wa.gov/opinions/pdf/784471.pdf; State v. Miller, No. 77994-8-I, slip op. at 14–18 (Wash. Ct. App. Apr. 29, 2019) (unpublished) https://www.courts.wa.gov/opinions/pdf/773348.pdf.

- 11 -